UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JASON CHIEN and ANGELA CHIEN, a minor, by and through her father, Jason Chien, | ) ) ) ) | CIV. 04-4051-KES |
| Plaintiffs, | ) ) ) | ORDER DENYING PARTIAL SUMMARY JUDGMENT |
| vs. | ) ) | |
| CITY OF SIOUX FALLS; DAVID OSTERQUIST; and JAMES LARSON, | ) ) ) | |
| Defendants. | ) | |

Plaintiff, Jason Chien, on behalf of himself and his minor daughter Angela, filed a complaint against the City of Sioux Falls, David Osterquist, and James Larson, alleging multiple causes of action against all defendants, including false imprisonment and malicious prosecution, negligence, assault, and deceit arising from an automobile accident. Defendants deny the allegations and move for partial summary judgment on all claims except the negligence claim.

**FACTS**

Considering the facts in a light most favorable to plaintiffs, on August 16, 2002, Jason Chien and his minor daughter were traveling east on Interstate I-90 in Lyman County, South Dakota. Defendants' Undisputed Material Facts ¶¶ 1, 3. David Osterquist and James Larson were also

traveling east on the interstate. Id. at ¶ 4. Osterquist and Larson are police officers for the City of Sioux Falls and were returning to Sioux Falls after completing training in Pierre, South Dakota. Id. at ¶ 5. Osterquist was driving the van, which belonged to the City of Sioux Falls, and Larson was the passenger. Id. at ¶ 6. Plaintiffs' Undisputed Material Facts ¶ 1. Both the Chien and the Osterquist vehicles were traveling in the left hand lane initially. Defendants' Undisputed Material Facts ¶¶ 7-8. Sometime prior to the accident, defendants admit they were driving 80 miles per hour. Plaintiffs' Undisputed Material Facts ¶ 2.

The Osterquist vehicle then moved into the right hand lane and passed the Chien vehicle. It is disputed whether the Osterquist vehicle then "cut off" the Chien vehicle when it moved back into the left hand lane or whether the Chien vehicle then tried to pass the Osterquist vehicle on the left hand shoulder of the road. All parties agree that the vehicles never came into contact. Defendants' Undisputed Material Facts ¶¶ 7-10. Shortly after the Osterquist vehicle either "cut off" the Chien vehicle or the Chien vehicle attempted to pass the Osterquist vehicle, the Chien vehicle left the road and overturned. Id. at ¶ 11.

After Osterquist and Larson saw the Chien vehicle overturn, they called 911, and turned around at the next median crossover and returned to the accident scene. Id. at ¶ 12-14. Other vehicles had stopped to assist the Chiens prior to Osterquist's and Larson's return. Id. at ¶ 14. After Osterquist

and Larson returned to the scene, they told the witnesses they were "off-duty" police officers and asked them what they had seen. Plaintiff's Undisputed Material Facts, ¶ 9-10. Osterquist and Larson never told the witnesses they were the other car involved in the accident. Id. at 13. After talking to the witnesses, Osterquist and Larson told them they were free to go on their way before Highway Patrolman Eng arrived. Id. The witnesses would have confirmed that Chien had stated immediately after the scene of the accident that he had been cut off by another vehicle. Id. at 12.

After a disputed amount of time, Patrolman Eng arrived on the scene to investigate. Defendant's Statement of Undisputed Facts at ¶ 16. By the time Patrolman Eng arrived, the ambulance was just leaving the scene with Chien and his daughter, Angela. Patrolman Eng talked only to Osterquist and Larson at the scene. Id. at ¶¶ 17, 19. Osterquist and Larson told Patrolman Eng that Chien had attempted to pass their vehicle on the shoulder of the left lane. Id. at ¶ 19. Osterquist and Larson did not inform Eng of the other witnesses at the scene or that they were Sioux Falls police officers. Plaintiffs' Undisputed Statement of Material Facts at ¶¶ 13 and 17. Patrolman Eng interviewed Chien at the hospital. After contacting his supervisor, Patrolman Eng charged Chien with reckless driving. Id. at ¶¶ 21-22. Chien was arrested and made bail, and he hired an attorney. Angela was hospitalized overnight. The reckless driving charge was later dismissed. Id. at ¶ 23.

**SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986).  In determining whether a genuine issue of material fact exists, the court views the evidence presented based upon which party has the burden of proof under the underlying substantive law.  Anderson, 106 S. Ct. at 2513.

**DISCUSSION**

**I.    False Imprisonment and Malicious Prosecution**

Chien alleges both false imprisonment and malicious prosecution in his first cause of action.  The causes of action are separate and distinct, although

both could be rely on the same factual situation.  <u>Kredit v. Ryan</u>, 1 N.W. 2d 813, 817 (S.D. 1942).

### A. **Malicious Prosecution**

Chien alleges that Osterquist and Larson engaged in malicious prosecution.  The elements to prove malicious prosecution are:

(1) commencement of an original criminal proceeding;
(2) its legal causation by present defendant against present plaintiff, who was the defendant in the original criminal proceeding;
(3) its termination in favor of the present plaintiff;
(4) absence of probable cause for the original criminal proceeding;
(5) malice; and
(6) damage to plaintiff.

<u>Miessner v. All Dakota Ins. Assocs., Inc.</u>, 515 N.W.2d 198, 200 (S.D. 1994).  Actions for malicious prosecution are disfavored because those with "good reason to believe that the law has been violated" should not be discouraged from coming forward with such information.  <u>Id.</u>  A plaintiff must prove all six elements to be successful on a claim for malicious prosecution.  <u>Id</u>.

There is no dispute here that an original criminal proceeding was commenced, namely Chien was criminally charged with reckless driving, and that the case was terminated in favor of Chien when the charge was dismissed.  Furthermore, there is no dispute that Chien suffered damages.  The only elements in dispute are whether defendants' actions were the proximate cause of Chien's prosecution, whether probable cause existed for the original criminal proceeding and the existence of malice.

5

With regard to the causation element, the South Dakota Supreme Court has held that an informer will not be held to have instigated a proceeding when the informer merely relates what he/she believes happened to the police officer, leaving it to the officer's complete discretion to prosecute; or if the officer conducts his/her own investigation into the incident. Miessner, 515 N.W.2d at 201. "[D]efendants[, however,] cannot insulate themselves from a malicious prosecution in reporting crimes to the authorities unless they have given 'full and correct' information to those authorities." Sabag v. Continental South Dakota, 374 N.W.2d 349, 355 (S.D.1985). Here, Trooper Eng testified that defendants did not tell him that they had left the scene and then came back, or that they identified themselves to other witnesses at the scene as police officers, questioned those witnesses and then sent them away from the scene of the accident, or that they were police officers. (Eng depo. pp. 31-32). Viewing the evidence in the light most favorable to Chien, there exists a disputed material fact of whether defendants gave full and correct information to Trooper Eng and, as a result, a question of fact exists as to whether they were the proximate cause of criminal charges being filed against Chien.

A plaintiff must also prove that the defendant lacked probable cause to initiate the criminal proceeding. Miessner, 515 N.W.2d at 200. Probable cause in this context is defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused is guilty." Miessner, 515 N.W.2d

at 202 (quoting Palmer Ford Inc. v. Wood, 471 A.2d 297, 301-02 (1984)). The question of whether probable cause exists is one for the jury when "the facts are in conflict and reasonable minds could reach different conclusions." Manuel v. Wilka, 610 N.W.2d 458, 464 (S.D. 2000).

      Andy Ditchen, a third-party witness who was present at the scene, testified that when he offered information and offered to take pictures at the scene of the accident, Osterquist encouraged him to feel free to leave the scene prior to the arrival of Trooper Eng. Plaintiffs' Undisputed Material Facts Response, Exhibit E, Andy Ditchen Deposition, p. 15, line 22 - p. 16, line 15 (Docket 19). Shauna Stewart also testified that Osterquist or Larson sent them on their way and only took her uncle Andy Ditchen's number after his wife Mary asked if they needed contact information before they left. Exhibit F, Shauna Stewart Deposition, p. 19, line 8 - p. 20, line 8 (Docket 19). Trooper Eng testified that Osterquist and Larson did not inform him that they were police officers and the city of Sioux Falls van they were driving did not have distinctive official markings or license plates. Id., Exhibit D, Eng Deposition, p. 30, line 24 - p. 31, line 18. Eng also testified that he did not become aware that Osterquist and Larson had identified themselves as officers to potential witnesses and sent some of those same witnesses away before Eng arrived on the accident until "much later." Id., p. 32, lines 5-14. One of the subsequently discovered witnesses testified that Osterquist or Larson identified himself to her as an officer and asked her "[d]id you see the vehicle,

7

can you identify the vehicle that ran them [referring to the Chiens] off the road." Exhibit F, Shauna Stewart Deposition, p. 17, line 19 - p. 18, line 2. Several witnesses verified that Mr. Chien's first words as he exited his vehicle were "they cut me off, they cut me off." Id., Exhibit G, Mary Ditchen Deposition, p. 8, line 15 - p. 9, line 8; Exhibit H, Sandra Ditchen Deposition, p. 7, line 19 - p. 8, line 3. Considering this testimony in a light most favorable to the Chiens, a reasonable jury could conclude that Osterquist and Larson lacked probable cause to accuse Chien of reckless driving.

The final unresolved element is malice. Malice exists when proceedings are initiated for improper purposes. Manuel v. Wilka, 610 N.W.2d 458, 465 (S.D. 2000). Malice does not require a showing of hostility or ill will. Id. Malice may be inferred by a lack of probable cause. Id. at 965-66. The testimony above referenced might also establish malice in that Osterquist and Larson may have concealed their involvement and used their status as officers to encourage potential witnesses to leave the scene prior to the arrival of disinterested law enforcement. In light of these disputed issues of material fact, defendants' motion for summary judgment is denied as to the malicious prosecution claim.

**B. False Imprisonment or Arrest**

False imprisonment requires the plaintiff to prove he was detained or restrained unlawfully. Catencamp v. Albright, 251 N.W.2d 190, 191 (S.D. 1977). An action for false imprisonment cannot stand if the detention or

restraint is pursuant to legal authority. Id. In other words, if the arrest is valid, the fact that it occurred because of "malicious intent" is unimportant in an action for false imprisonment. Tredway v. Birks, 242 N.W. 590, 592 (S.D. 1932).

There is no question that Chien was detained in this matter. Chien was arrested by Trooper Eng on the reckless driving charge, was taken by the trooper from the hospital to the Brule County Sheriff's Office, and had to post bond before he was released to return to the hospital. A law enforcement officer has the statutory authority to make a warrantless arrest pursuant to SDCL 23A-3-2. The South Dakota Supreme Court has recognized that:

> In criminal proceedings a person who simply lays facts before the justice, and leaves all further action to the unbiased and unsolicited conduct of the latter, is not liable in false imprisonment unless he takes some part in the furthering of the arrest or urging the detention.

Cantercamp v. Albright, 251 N.W.2d 190, 192 (S.D.1977). There may be liability for false arrest and imprisonment, however, when a person "gives information that the plaintiff committed a crime when in fact [he] has no knowledge of such fact or that a crime had been committed." McGillivray v. Siedschlaw, 278 N.W.2d 796, 800 (S.D. 1979). "It is clear that a private citizen who by affirmative action, persuasion, or request assists or abets in an unlawful arrest and detention of another is liable for false imprisonment." Id.

Here, as detailed above in the malicious prosecution discussion, there is a question of material fact as to whether defendants provided false facts to

Trooper Eng implying that Chien committed a crime. Because there is a question of fact as to whether defendants took affirmative action that resulted in the unlawful arrest of Chien, defendants' motion for summary judgment as to the false arrest claim is denied.

**II.  Assault**

Chien alleges that defendants assaulted him when they cut him off while driving on the interstate. Defendants counter that they never came in contact with Chien nor intended contact with Chien.

To prove his claim of assault, Chien must demonstrate that defendants intended harmful or offensive contact or imminent apprehension of such contact and that such contact results directly or indirectly.  Stratmeyer v. Engberg, 649 N.W.2d 921, 925-26 (S.D. 2002). Plaintiffs do not have to show "a specific intent or design to cause the contact . . . or harm[,]" but that defendants had the intent to cause a result infringing on the plaintiffs' interests. Id. at 926. Mere negligence in the operation of a vehicle will not support assault. Farm Bureau Auto. Ins. Co. v. Hammer, 177 F.2d 793 (4th Cir. 1949). A plaintiff must demonstrate that defendants caused plaintiff's damage through "reckless disregard for the lives and safety of other people." Id. It is for the jury to decide whether defendants committed assault or mere negligence. Id. In this fact situation, it is disputed whether defendants had the intent necessary for assault. Because such factual determinations on

issues of intent are best left to the jury, defendants' motion for summary judgment as to the assault claim is denied.

### III.  Deceit

Chien alleges that defendants engaged in deceit by not making clear they were involved in the incident, interviewing and permitting witnesses to leave the scene prior to the arrival of independent law enforcement, and by failing to convey this information to law enforcement when he arrived.  Chien also alleges that defendants manufactured the reckless driving allegation against Chien in an effort to conceal their own wrongdoing.

To prove a cause of action for deceit, plaintiffs must show that defendants suppressed a fact that they were bound to disclose and instead gave information or other facts likely to mislead the plaintiffs to their detriment.  Bruske v. Hille, 567 N.W.2d 872, 875 (S.D. 1997).  In order to survive summary judgment, plaintiffs must provide evidence of deceitful intent.  Id.  A deceit as described in SDCL 20-10-1 is:

   (1)  The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
   (2)  The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;
   (3)  The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or
   (4)  A promise made without any intention of performing.

Biegler v. American Family Mut. Ins. Co., 621 N.W.2d 592, (S.D. 2001) (citing SDCL 20-10-2).

11

Considering the facts in a light most favorable to plaintiffs, an issue of disputed material fact exists as to whether defendants "cut off" Chien and then provided a false story to Trooper Eng all to Chien's detriment. If the jury finds these as facts, this meets the first option for deceit where a person suggests something is true and does not believe it to be true. Summary judgment is denied as to the deceit claim.

## CONCLUSION

Viewing the evidence most favorably to plaintiffs, the court finds that issues of material fact exists on all the causes of action. Accordingly it is hereby

ORDERED that defendants' motion for summary judgment as to all claims (Docket 15) is denied.

Dated June 28, 2005.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE